## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONNIE HENNIGH,             ) | |
|          ) | |
|        **Plaintiff,**    ) | |
|          ) | **CIVIL ACTION** |
| **v.**               ) | |
|          ) | **No. 15-2684-JWL** |
| CAROLYN W. COLVIN,     ) | |
| **Acting Commissioner of Social Security,**    ) | |
|          ) | |
|        **Defendant.**   ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412) (Docs. 22, 23) (hereinafter EAJA Mot./Mem.).  The court finds that the position of the United States was not substantially justified either in the agency action below or before this court and GRANTS Plaintiff's motion for attorney fees in the amount of $7,096.71 as explained hereinafter.

**I.      Consultation Pursuant to D. Kan. R. 54.2**

Before reaching the merits of Plaintiff's motion, the court briefly addresses the matter of consultation pursuant to Rule 54.2 of the Local Rules.  The court notes that Plaintiff's counsel tacitly admits she did not follow the requirements of Local Rule 54.2 regarding "Award of Statutory Attorney's Fees"  (Doc. 25, p.1) (hereinafter Pl. EAJA Reply) ("failure to . . . consult with agency counsel").  The local rule requires the party

who makes a motion for statutory attorney's fees to "promptly initiate consultation with the other party." Id. 54.2(a). If the parties do not reach agreement regarding fees, the moving party is required to file a statement to that effect, and a memorandum providing the factual basis for the fee award criteria. Id. 54.2(c). "The statement of consultation must set forth the date of consultation, the names of those who participated, and the specific results achieved." Id. 54.2(d). The Rule contemplates that the statement of consultation and the memorandum providing the factual basis for the fee award criteria will be provided in Plaintiff's memorandum in support of her fee request. Therefore, as an exception to Rule 7.1(a) it provides that the memorandum in support of the fee request "need not be filed at the same time as the motion" for attorney fees, id. 54.2(e), and that the statement of consultation and memorandum providing the factual basis for the fee award criteria need be filed only "within 30 days of filing the motion." Id. 54.2(c).

Judgment was entered reversing the Commissioner's decision in this case and remanding for further proceedings on March 31, 2016. (Doc. 20). More than a month before the Commissioner's time for appeal had run, Plaintiff filed her motion for attorney fees on April 28, 2016. (Doc. 22). Along with her motion, Plaintiff filed a memorandum in support with four attachments. (Doc. 23, Attach. 1-4) (hereinafter EAJA Mem.). On May 13, 2016, the Commissioner filed her response to the motion for attorney fees, arguing that fees should be denied because the Commissioner's position was substantially justified. (Doc. 24) (hereinafter Comm'r EAJA Resp.). In her response, the Commissioner noted that Plaintiff did not follow the requirements of Local Rule 54.2 in

2

that she did not consult with agency counsel and did not file a statement of consultation, and asserted that "[t]his failure to follow the local rules is sufficient to deny Plaintiff's request for fees." (Comm'r EAJA Resp. 1). Four days later Plaintiff filed her reply in this matter. (Pl. EAJA Reply). Therein, she argued that the Commissioner failed "to provide any substantive law to support her position that failure to confer with agency counsel prior to filing a motion for EAJA fees results in a forfeiture of fees" and that the issue is now moot because the Commissioner argues that the "government's position was substantially justified, and any prior consultation with agency counsel would not have resulted in an agreement regarding any fee award." Id. at 1.

The court acknowledges that in some circumstances denial of attorney fees for failure to follow a local rule might be an excessive sanction. However, the court reminds Plaintiff's counsel that she is an officer of the court and that she along with the court and opposing counsel is charged to construe, administer, and employ the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The purpose of Local Rule 54.2 is to encourage counsel to work together to see if they can cooperatively determine whether statutory fees are appropriate in a case, and if not, to identify and narrow the issues to be determined by the court. Plaintiff's reply to the Commissioner's observation that Plaintiff did not follow the local rule may evidence an unwillingness on counsel's part to cooperatively endeavor to settle fee issues. If such an unwillingness is in fact present and persists, the court may find itself in a position in the future where it must address that issue. Moreover, the court

notes that before filing a response counsel for the Commissioner could have attempted to initiate consultation when they realized Plaintiff had not done so. The court expects that in the future, all counsel will seriously endeavor to consult on fee issues, and will inform the court accordingly.

As this court observed in Marshall v. Colvin, 14-1336-JWL slip op. at 4 (D. Kan. Feb. 5, 2016), "the rule provides that the court 'will not consider a motion for statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party files the statement of consultation in compliance with this rule.' D. Kan. R. 54.2(d). Although the court could deny the motion on that basis alone, because the Commissioner has filed her objection to the award of attorney fees without waiting for Plaintiff to file a statement of consultation, the court finds that the motion is ripe, and will rule on it without waiting for a statement of consultation."

## II.     Attorney Fees

### A.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA, 28 U.S.C. § 2412(d)(1)(A), requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.[1] Gilbert v. Shalala, 45 F.3d

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of

4

1391, 1394 (10th Cir. 1995)[2] (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501

(10th Cir. 1991)).  The Commissioner must show substantial justification for her position.

Hackett, 475 F.3d at 1172; Estate of Smith, 930 F.2d at 1501.  The test for substantial

justification is one of reasonableness in law and fact.  Id.  "Thus, the government's

position must be justified to a degree that could satisfy a reasonable person . . . [and] can

be justified even though it is not correct."  Id. (citations and internal quotation marks

omitted).  "[T]he reasonableness test breaks down into three parts:  the government must

show 'that there is a reasonable basis ... for the facts alleged ... [;] that there exists a

reasonable basis in law for the theory it propounds; and that the facts will reasonably

support the legal theory advanced.'"  Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir.

1988) (quoting United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1487 (10th

Cir. 1984), cert. denied, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984)).  "The

government's 'position can be [substantially] justified, even though it is not correct.'"

Hackett, 475 F.3d at 1172 (quoting Underwood, 487 U.S. at 566 n.2) (alteration added).

---

the United States was substantially justified or that special circumstances
make an award unjust. . . .

28 U.S.C. § 2412.

[2]The court notes that although the Commissioner's Response agrees with the legal
standard stated here, in the body of her brief she cited only three cases which are binding
precedent on this court, Pierce v. Underwood, 487 U.S. 522 (1988); Hackett v. Barnhart,
475 F.3d (10th Cir. 2007); and Madron v. Astrue, 646 F.3d 1255 (10th Cir. 2011), and six
cases from jurisdictions whose precedents are not binding in the Tenth Circuit.  And, she
cited those six cases without explaining why they are persuasive authority here.

"'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." Hackett, 475 F.3d at 1174. But the Tenth Circuit has recognized an exception when the government advances a reasonable litigation position that "cure[s] unreasonable agency action." Id. at 1173–74. In the social security context, the court has interpreted that exception to include "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." Groberg v. Astrue, 505 F. App'x 763, 765–66 (10th Cir. 2012).

### B.    The Parties Arguments

The Commissioner acknowledges that this case was remanded because the ALJ erroneously evaluated Plaintiff's migraines and carpal tunnel syndrome. She asserts that her arguments before this court were substantially justified:  that any step two error was harmless and "that the record lacked evidence supporting Plaintiff's claims of disabling limitations, and instead the record showed that, whatever her impairments, her functional limitations did not prevent her from working."  (Comm'r EAJA Response 6) (citing Comm'r SS Brief at 5-8).

### C.    Analysis

The court remanded this case to the Commissioner because the ALJ erred in his evaluation and discussion of Plaintiff's migraine headaches and carpal tunnel syndrome.

6

(Doc. 19, pp.1, 4) (court's Mem. & Order deciding this case).  The court found that the ALJ erred at step two in finding that Plaintiff's migraines and carpal tunnel are not severe because he appeared to accept "Plaintiff's allegations that she had had a headache for four weeks at the time of the hearing; that she has chronic headaches occurring two to three times a week; that she has dizziness, lightheadedness, nausea, photophobia, phonophobia, and blurred vision resulting from her headaches; and that she can no longer sew, and can use a computer for only fifteen minutes because of worsening of her carpal tunnel syndrome," and those symptoms reflect more than a minimal effect on Plaintiff's ability to perform basic work activities.  (Doc. 19, p.9).  The court noted that "[w]hile these symptoms do not necessarily preclude all work, they clearly impose more than minimal effects on Plaintiff's ability to perform basic work activities."  Id.

The Commissioner accepted that the ALJ had erred at step two, but argued that the error was harmless because the ALJ continued the analysis beyond step two, and because his RFC assessment considered all of Plaintiff's impairments.  However, the court determined that neither of these arguments was supported.  As a matter of law, the court noted that the Commissioner's argument ignored that the step two error is only harmless if the ALJ at the later steps considered all of Plaintiff's impairments, both those considered severe and those considered not severe.  (Doc. 19, p.10).  It determined first that the ALJ's decision affirmatively suggested that he "had not considered whether the combination of Plaintiff's severe impairments with her non-severe impairments might medically equal the severity of a Listed impairment."  (Doc. 19, p.12).  Moreover, the

court also found that the ALJ did not consider the effects of migraines or carpal tunnel at the later steps of the sequential evaluation process despite his general assertions that he had considered all of the evidence.  Id.  The Commissioner's argument had no reasonable basis in fact because as the court noted the record does not demonstrate that the ALJ considered all of Plaintiff's impairments in his RFC assessment, because although the decision contains a discussion of the evidence relating to each of Plaintiff's impairments that he deemed severe and the limitations resulting therefrom, the RFC assessment said nothing regarding migraines or carpal tunnel or limitations resulting therefrom.  Id. at 13.

Furthermore, the agency's position in its hearing decision was not substantially justified.  The ALJ specifically discussed his bases for discounting Plaintiff's allegations of symptoms from her knee impairments, her sleep problems, her back and neck pain, and her fibromyalgia.  (R. 22-23).  And he discounted some of her allegations regarding symptoms resulting from migraines and carpal tunnel.  (R. 18-19).  But, he did not discount, and apparently accepted Plaintiff's allegations of "dizziness, lightheadedness, nausea, photophobia, phonophobia, and blurred vision resulting from her headaches."  (R. 18).  It is simply unreasonable as a matter of law to accept Plaintiff's allegation of these symptoms and yet to determine that her migraines do not have more than a minimal effect on her ability to perform basic work activities.

The court understands that the Commissioner's position need not be correct to be substantially justified.  But, her position must be reasonable in law and reasonable in fact. The mere fact that some fact-finder somewhere might have been able to justify a denial

based upon the record evidence in this case does not suggest that the ALJ's decision was substantially justified or that the Commissioner's argument before the court was substantially justified.  Because the Commissioner's harmless error argument before this court was not reasonable as a matter of law, it was insufficient to cure the unreasonable agency action below.

The Commissioner makes no argument regarding the reasonableness of the amount of attorney fees requested in this case, and the court's independent review of Plaintiff's submissions reveals no self-evident basis to discount the fees requested.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney fees in the amount of $7,096.71 (Doc. 22) is GRANTED.

Dated this 24th  day of May 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum_____
**John W. Lungstrum**
**United States District Judge**

9