IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONNIE L. HENNIGH, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-2684-JWL |
| NANCY A. BERRYHILL,[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 27) (hereinafter 406B Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). The Acting Commissioner of the Social Security Administration (hereinafter Commissioner) does not object to award of the fee requested. The court GRANTS Plaintiff's motion, approving fees in the amount of $5,526.70 pursuant to the Social Security Act.

**I.    Legal Standard**

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to

---

[1] On Jan. 20, 2017, Nancy A. Berryhill, became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.
>
> 42 U.S.C. § 406(b)(1)(A) (emphasis added).

The Supreme Court, in Gisbrecht determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee. Where there is a contingency-fee agreement between plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Equal Access to Justice Act (28 U.S.C. § 2412(d)) (EAJA) provides that when attorney fees are awarded both under that statute and under § 206(b) of the Social Security Act (42. U.S.C. § 406(b)) for the same work, "the claimant's attorney refunds to the claimant the amount of the smaller fee."  Pub. L. 99-80, § 3, 99 Stat. 186 (1985).

## II.     Discussion

Here, Plaintiff's attorney provided a statement of the time expended on Plaintiff's case, showing 38.5 hours of work representing Plaintiff before this court since March 9, 2015.  (Doc. 27, Attach. 1, pp.24-26).  Counsel asserts that an attorney fee of $7,096.71 was awarded by this court pursuant to the EAJA, but that the award was reduced to zero because of partial payment of outstanding obligations owed by Plaintiff to the federal government.  (406B Mot. 2).  She argues that her agreement with Plaintiff anticipated a fee of 25% of past-due benefits as allowed by the Social Security Act, and that the Commissioner withheld $11,776.70 (25% of the past-due benefits) from her award to Plaintiff, to use for payment of counsel's fee.  (406B Mot. 1) (citing Attach. 1, pp.15-20 (Ex. B)).  Counsel requests a fee of $5,526.70, recognizing that $6,250.00 was awarded from the 25% of past due benefits to pay attorney fees for representation before the Commissioner, and requiring no refund for the EAJA fee award which was credited to Plaintiff's account for payment of her federal obligations.

The Commissioner responded to Plaintiff's motion, noting that she has no objection to payment of the fee.  (Doc. 28, p.1).

In accordance with the holding of Grisbecht, and after reviewing the record and the parties' submissions, the court finds an attorney fee of $5,526.70 to be reasonable in the circumstances of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an attorney fee of $5,526.70 pursuant to § 206(b) of the Social Security Act (Doc. 27) is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 406(b)(1) the Commissioner shall pay Plaintiff's counsel the sum of $5,526.70 from Plaintiff's past-due benefits. Because counsel asserts she received no attorney fee under the EAJA and the Commissioner does not object or argue otherwise, there is no need to refund anything to Plaintiff.

Dated this 7th day of March 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**